# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE DE ANGELIS, | : |
| Plaintiff, | : |
| | : Case No. 2:17-cv-926 |
| v. | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| NOLAN ENTERPRISES, INC., d/b/a, | : |
| CENTERFOLD CLUB, | : Magistrate Judge Deavers |
| Defendant. | : |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Stephanie De Angelis' Motion for Conditional Class Certification, Expedited Discovery, and Issuance of Notice (ECF No. 66). For the reasons stated below, Plaintiff's Motion is **GRANTED.**

## I. BACKGROUND

National Entertainment Group, LLC, doing business as Centerfold, is an adult entertainment club in Columbus, Ohio. (ECF No. 1 at 2). Plaintiff, Stephanie De Angelis, alleges that she worked at Centerfold as a dancer from April 2016 to February 2017. *Id.* at 5. Ms. De Angelis alleges that Centerfold did not pay its dancers any wages. *Id.* at 2. Instead, she avers that Centerfold misclassified all of its dancers as independent contractors, rather than employees, and that the dancers are only compensated through tips from customers. *Id.* at 5. She further alleges that at the end of each night, Centerfold took a cut from all tips made by the dancers, and the dancers were required to divide their tips with other employees. *Id.* at 3, 6.

Ms. De Angelis filed this lawsuit as a collective and class action against Centerfold on October 23, 2017, alleging violations of the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFSWA"), O.R.C. §§ 4111.01,

*et seq.*, and the Ohio Semi-Monthly Payment Act, O.R.C. § 4113.15, as well as common law unjust enrichment by failing to pay dancers minimum wage for all hours worked, including failure to pay overtime. (ECF No. 1). On January 15, 2018, Centerfold answered the Complaint (ECF No. 10) and shortly thereafter filed a motion to compel arbitration based on a provision in an agreement Ms. De Angelis was required by Centerfold to sign that purportedly required her to arbitrate any issues arising between the club and herself. (ECF No. 15). On September 24, 2018, this Court issued an order denying Centerfold's motion to compel arbitration, finding the agreement void and unenforceable for lack of consideration. (ECF No. 55). On May 21, 2019, Plaintiff filed a motion for conditional class certification also requesting expedited discovery and issuance of notices to prospective class members. (ECF No. 66). Centerfold opposes Plaintiff's motion arguing that Plaintiff has presented no legal or factual basis to support her motion to conditionally certify a class. (ECF No. 70).

## II. STANDARD OF REVIEW

The Fair Labor Standards Act requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1). Congress's primary purpose in enacting the FLSA "was to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (1945)). The FLSA "was enacted by Congress to be a broadly remedial and humanitarian statute," *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 143 (6th Cir. 1977), and in interpreting the FLSA the Supreme Court has long noted that the statute attempted to mitigate the effects of the "unequal bargaining power . . . between employer and employee," *Brooklyn Sav.*

*Bank*, 324 U.S. at 706. Due to the "remedial nature of this statute," the employee's burden "of proving that he performed work for which he was not properly compensated" should not be made "an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds as recognized in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516-17 (2014).

The FLSA provides that a court may certify a collective action brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees are permitted to "opt into" the collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The lead plaintiffs bear the burden to show that the proposed class members are similarly situated to the lead plaintiff. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). The FLSA does not define "similarly situated" and neither has the Sixth Circuit. *Id.* But notably, plaintiffs seeking to certify a collective action under the FLSA face a lower burden than plaintiffs seeking class certification under Federal Rule of Civil Procedure 23. *Id.* In FLSA class actions, "class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012) (unpublished).

At the conditional-certification stage, conducted at the beginning of the discovery process, named plaintiffs need only make a "modest factual showing" that they are similarly situated to proposed class members. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Comer*, 454 F.3d at 547). The standard at the first step is "fairly lenient . . . and typically results in 'conditional certification' of a representative class." *Comer*, 454 F.3d at 547 (internal citations ommitted). Courts generally consider factors such as "employment settings, individual

defenses, and the fairness and procedural impact of certification." *Frye*, 495 F. App'x at 672 (citing *O'Brien*, 575 F.3d at 584). Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id.* at 584. The named plaintiff "need only show that [her] position is similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011); *see also Comer*, 454 F.3d at 546-57.

At this stage, a court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F. Supp. 3d at 765 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). In determining conditional certification, courts have considered "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)). If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015).

At the final certification stage, conducted after the conclusion of discovery, courts "examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. At this stage, the court has much more information on which to base its decision of whether the proposed plaintiffs are similarly situated and, "as a result, it employs a stricter standard." *Id.* (alteration, quotation marks, and citation omitted).

### III. ANALYSIS

## A. Conditional Certification

Plaintiff seeks to certify a class of:

"All of Defendant's current and former dancers who have worked at Defendant's club during the three years before this Complaint was filed up to the present"

(ECF No. 66 at 3). Defendant argues that Plaintiff has failed to submit adequate evidence that she is similarly situated to putative class members and that Vanity had a common plan or scheme affecting her and other dancers. (ECF No. 45 at 5-7). The standard of review at the conditional certification stage is lenient. *Comer*, 454 F.3d at 547. Plaintiff has submitted an affidavit detailing her experience as a dancer at Centerfold. (ECF No. 66-2). Plaintiff has also submitted the declaration of another dancer, Mallory Morman, who worked at Centerfold from January 2016 through October 2016. (ECF No. 66-3).

Defendant argues that Plaintiff's complaint "lack[s] factual support or statements of personal knowledge" and "fail[s] to establish that the affiants personally observed" Defendant scheduling and paying other dancers. (ECF No 70 at 6). Both Ms. De Angelis's affidavit and Ms. Mormon's declaration contain statements that they have personal knowledge that other dancers were affected by Defendant's policy of not paying wages. (ECF No. 66-2 at 1; ECF No. 66-3 at 1-2). At this stage, Plaintiff has put forward sufficient evidence in the form the affidavit and declaration indicating that she and other dancers at Centerfold are similarly situated and were subjected to the same policy of treating dancers as independent contractors and not employees. *See Myers v. Marietta Meml. Hosp.*, 201 F. Supp. 3d 884, 892-95 (S.D. Ohio 2016) (granting motion for conditional certification determining that plaintiff's proffered affidavits were sufficient despite the fact that the affidavits were not detailed where plaintiffs' "affidavits show sufficient personal knowledge of a policy and practice of Defendants that affects proposed class members in a similar, if not identical, manner."); *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 (N.D. Ohio 2015)

(determining that "plaintiffs have satisfied their lenient burden" despite the fact that "declarations of plaintiffs and the potential opt-in plaintiffs contain only generalized statements" and plaintiffs failed "to indicate how it is that they know that all in-store co-managers are subject to the same compensation system."); *Noble v. Serco, Inc.*, CIV.A.3:08-76-DCR, 2009 WL 3154252, at *3 (E.D. Ky. Sept. 28, 2009) (granting motion for conditional certification of FLSA class where plaintiff's complaint and declarations demonstrated that alleged FLSA violations were not purely personal to him); *White v. MPW Indus. Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006) (granting motion for conditional certification noting that "a plaintiff can meet his burden based solely on the allegations in the complaint"). Further, Defendant admits that entertainers at Centerfold are referred to as "Entertainer Tenants," implicitly acknowledging that Centerfold treats its dancers as tenants or independent contractors, and not employees. (ECF No. 70 at 2 n. 2).

Defendant argues that this court should decline to certify conditionally the class because the proposed collective action is not manageable and individual claims predominate. (ECF No 7 at 7-8). According to Defendant, even if potential plaintiffs are identified, the individualized inquiry into the hours each entertainer was required to work/actually worked (including overtime), the type of entertainment she provided, the way that the entertainer recorded her time, and any variances in a particular entertainer's job duties might make her exempt from the overtime requirements of the FLSA. *Id.* at 7. Defendant's assertion may ultimately be correct, but it is premature prior to the taking of discovery. *See Slaughter v. Lincoln Electric Co.*, 1:18CV2705, 2019 WL 4934508, at *8 (N.D. Ohio Oct. 7, 2019) (determining as a threshold matter that plaintiffs had alleged common theory of Defendant's violation of FLSA and noting "it is not appropriate, at this time, for the Court to consider factual issues surrounding variation in job duties"); *Heibel v.*

*U.S. Bank Nat. Ass'n*, 2:11-CV-00593, 2012 WL 4463771, at *5 (S.D. Ohio Sept. 27, 2012) (determining that "any detailed inquiry into what exemptions or other individualized considerations may apply, or whether such consideration will ultimately make the class unmanageable, is premature at this initial stage prior to discovery").

Moreover, the mere fact that a case will require an "individualized factual inquiry" into hours worked by each dancer that qualifies to opt in does not mean that conditional certification is improper. *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 877 (S.D. Ohio 2017) (determining that at conditional certification stage, Plaintiff is only required to show unification of the proposed class by a common theory of defendant's statutory violation, even if proof of the violation is "inevitably individualized and distinct"); *see also O'Brien*, 575 F.3d at 584 (noting that "a collection of individualized analyses is required of the district court" and that all the FLSA requires is that opt-in Plaintiffs be "similarly situated" and not the more stringent criteria for class certification under Fed. R. Civ. P. 23 that "common questions predominate").

### B. Expedited Discovery

Defendant also argues that expedited discovery is not warranted because Plaintiff has not offered a sufficient justification.( ECF No. 70 at 8-9). Plaintiff has moved for expedited discovery arguing that because the statute of limitations does not toll when the suit is filed, "live claims die daily." (ECF No. 66 at 12). Fed. R. Civ. P. 26(d) governs the timing and sequence of discovery, and "vests the district court with the discretion to order expedited discovery." *Russell v. Lumpkin*, No. 2:10–CV–00314, 2010 WL 1882139 at *1–*2 (S.D. Ohio 2010) (citing *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009WL 1542731 at *2 (S.D. Ohio 2009)). Courts considering motions to expedite typically apply a "good cause" standard. *Id.* The burden of demonstrating good cause rests with the moving party. A movant "may establish good cause by

demonstrating that the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (internal quotation marks omitted); *Tri County Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, 2:13-CV-317, 2013 WL 12180497, at *2 (S.D. Ohio Apr. 22, 2013).

This Court has previously granted motions for expedited discovery for opt-in purposes in the context of FLSA collective action conditional certification. *See e.g., Crescenzo v. O-Tex Pumping, LLC*, 15-CV-2851, 2016 WL 3277226, at *6 (S.D. Ohio June 15, 2016); *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 872 (S.D. Ohio 2011). Here, Plaintiffs have only requested targeted expedited discovery so that they may ensure that potential plaintiffs receive notice and an opportunity to opt-in before their claims expire. Good cause exists to grant this limited expedited discovery.

### C. Statute of Limitations

Defendant argues that Plaintiff has not provided evidence of a willful violation and so the class should be defined with a two-year statute of limitations period and not a three-year period. ECF No. 70 at 9. A lawsuit to recover unpaid compensation pursuant to the FLSA must "be commenced within two years after the cause of action accrued," unless the plaintiff demonstrates the cause of action arose "out of a willful violation," in which case the statute of limitations is three years. 29 U.S.C. § 255(a). An FLSA violation is "willful" if the employer either knew or showed reckless disregard that its conduct was prohibited by the Act. *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966–97 (6th Cir. 1991) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

At the conditional certification stage, the court is obligated to refrain from "weighing Defendant's competing evidence." *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 878 (S.D.

8

Ohio 2017) (determining that it is appropriate to define proposed class using three-year period where Plaintiff submitted evidence that Defendant was aware that its employees did not receive uninterrupted meal periods). All that is required is that Plaintiff allege that Defendant's violation was a willful one. *Stout v. Remetronix, Inc.*, 3:13-CV-026, 2013 WL 4048241, at *5 (S.D. Ohio Aug. 9, 2013).

Defendant argues that Plaintiffs "have not asserted any facts to establish that Defendant knew or showed reckless disregard . . . that she and other Entertainer Tenants were improperly denied compensation or intentionally misclassified as independent contractors." (ECF No. 70 at 9). In their complaint, however, Plaintiffs specifically alleged that "Defendant's scheme to label Plaintiff and the putative Collective Action Members as independent contractors was designed to deny them their fundamental rights as employees to receive minimum wages, overtime, to demand and retain portions of tips given to putative Collective Action Members by Defendant's customers, and to enhance Defendant's profits." (ECF No. 1 at 8). Therefore, the Plaintiffs have adequately alleged a willful violation and this Court finds it appropriate to define the class according to the three-year limitations period.

### D. Notice

Defendant takes issue with Plaintiff's opt-in form and the process for providing notification and requests that the parties be given an opportunity to meet and confer on the content of the notice. (ECF No. 70 at 10). Defendant also objects to the disclosure of all the information that Plaintiff has requested regarding potential class members. (ECF No. 70 at 11). Plaintiff has requested full names, all known addresses, all phone numbers, all known email addresses, and dates of employment. (ECF No. 66 at 13). Defendant argues that the dancers have an interest in the privacy of their contact information. (ECF No. 70 at 11). The disclosure of addresses is routinely granted

9

by courts that have conditionally certified FLSA classes and the nationwide trend has been to also order notice through email. *See e.g., Atkinson v. TeleTech Holdings, Inc.*, 3:14-CV-253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015). Plaintiff has failed to justify their need for phone numbers. *See Crescenzo v. O-Tex Pumping, LLC*, 15-CV-2851, 2016 WL 3277226, at *6 (S.D. Ohio June 15, 2016) (determining that Defendant is not required to provide telephone numbers of prospective class members but permitting Plaintiff to apprise the court if mailing addresses proved to be insufficient method of providing notice to class); *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 215 (S.D. Ohio 2011) (permitting discovery of employees' email and mailing addresses but not telephone numbers, social security numbers, and employee identification numbers). Thus, disclosure of all but the potential plaintiff's telephone numbers is permitted.

     The Court **ORDERS** the parties to confer as to the proper form of the notice and submit a proposed notice form and opt-in consent form within fourteen (14) days of the date of this order. If the parties disagree as to any specific language in the notice and opt-in consent form, the parties may note the disputed language, with accompanying briefing as necessary, and the Court will promptly determine which language to use. At the same time, the parties shall also submit a proposed plan for the distribution of the notice to all potential opt-in plaintiffs employed by Defendant at any time from three years prior to the granting of this motion to the present.[1] In the event of a disagreement on the distribution procedure, the parties shall submit simultaneous briefing on the matter. No responsive briefing will be permitted.

---

[1] Although Plaintiff asks the Court to certify the class from the time period of the three years preceding the filing of the complaint, collective-action certification is appropriately limited to the three years prior to the date of approval of the notice, not the filing of the lawsuit. *See, e.g., Crescenzo v. O-Tex Pumping, LLC*, 15-CV-2851, 2016 WL 3277226, at *5 (S.D. Ohio June 15, 2016); *Atkinson v. Teletech Holdings, Inc.*, No. 3:14–cv–254, 2015 WL 853234, at *3 (S.D.Ohio Feb. 26, 2015).

## IV. CONCLUSION

For the reasons set forth above, Ms. De Angelis' Motion for Conditional Certification and Expedite Discovery is **GRANTED**. This Court conditionally certifies a class of:

> All of Defendant's current and former dancers who have worked at Defendant's club during the three years before this order was granted to the present.

The parties are **ORDERED** to confer and submit to this Court within fourteen (14) days a proposed notice and plan for distribution of notice.

**IT IS SO ORDERED.**

   s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**Chief United States District Court Judge**

**DATED: December 10, 2019**